THERESA OSSEFORTH V. IDA BUSSMAN ET AL.

LEASE WITH PRIVILEGE OF PURCHASE SUSTAINED AND DEED ORDERED.

On-petition of the life tenant under sec. 5803, Rev. Stat., the court decreed that she could, as trustee, lease the land for five years with privilege of purchase, and if purchased could give a deed after first accounting to the court and giving bond to secure the money received. The lease was made and at the end of five years the lessee paid part, and put up buildings, but the trustee refused to give a deed. On suit by the lessee, for deed tendering the balance: *Held* that the decree for a lease is valid until reversed; that the trustee will be compelled to account and give a deed on full payment, but the lessee's part payment in advance of the accounting being unauthorized is null as to the remaindermen, and he must pay them their full share, but it is valid as to the trustees' share.

ON APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, J.

This action is one brought by the plaintiff as the sole heir or devisee under the will of William Osseforth, deceased, against Ida Bussman, formerly the widow of one Beatus Schroeder, now deceased, and the heirs at law and devisees under the will of said Beatus Schroeder, to require the said Ida Bussman to comply with a certain order of the court of common pleas of this county, made in a case formerly and still pending therein, wherein the said Ida, claiming to have an estate for her life in the undivided one-half of certain real estate, had filed in said court her petition against her children, the devisees under the will of said Schroeder, who, it was alleged therein, owned the said undivided half of said real estate subject to the estate of their said mother therein, seeking the sale or lease of said premises, under the provisions of sec. 5803, *et post*, Rev. Stat., and in which action the petition in this case avers that such proceedings were

had that said Ida was authorized by the court to lease the said premises to the said William Osseforth for the term of five years from the confirmation of her report by the court, and that such report was duly approved and confirmed by the court; and the lease by her so made and the terms and conditions thereof were also so approved and confirmed, and she was ordered to execute a lease to said Osseforth for the said premises on the terms so approved.

It was further ordered by the court, that should the privilege of purchase be exercised by the lessee, that said Ida should make prompt report thereof to the court, and that she should not deliver the deed for the fee of said premises, until she should first have given bond to the satisfaction of the court, or have obtained an order of the court for the investment of said proceeds. It further inferentially appears from the petition, and is clearly shown by the evidence, that this lease so approved by the court, and executed by her under the order of the court to Osseforth, gave to him the right to purchase the fee of said premises at the expiration of said term of five years, (all rents, taxes and assessments being paid, and all other covenants contained in the lease, being performed by Osseforth) at the price of $3,150.00 cash. During the term it appears that the lessee was to pay a rental of $240 per annum, viz.: $20 per month, payable on the fourth day of each month.

The petition further alleges that at the death of said Beatus Schroeder, and thenceforward, said Osseforth was the owner in fee of the other one undivided half of said real estate, and that on the execution of said lease, he took possession of said premises by virtue of the lease, and that he was also the owner of the twenty-one feet of ground adjoining the premises in controversy on the north, which ran back the same depth as the other property, making a total frontage of sixty-three feet, and that after the execution of said lease to him, Osseforth erected on the whole of said ground, a substantial three-story brick building, being a single improvement, and having a frontage of sixty-three feet by one hundred feet deep, at his own expense, and has paid all the taxes, charges, assessments, repairs, and insurance thereon since the date of said lease, and has complied with his said contract of lease in every particular. That he would not have erected said building and improvements if said lease had not contained said privilege of purchase. That before the expiration of the lease, Osseforth paid to Ida Bussman the full consideration named in said lease, as and for the purchase-price of said premises, and that at the end of said lease, and at the times said payments were made, he duly notified her of his election to purchase the fee of said premises, and at the end of said term he demanded a deed from said Ida of the fee of said premises, pursuant to the privilege of purchase in said lease; but she refused, and still refuses to execute a deed as demanded and provided for in said lease, and refuses to comply with the order of the court theretofore made. That Osseforth, in his lifetime, was always ready, willing and able to comply with his part of said contract, and that the plaintiff ever since has also been ready, willing and able to comply with the terms of the lease and the order of the court. Wherefore, she prays that said Ida Bussman may be required by the decree of this court to execute and deliver to the plaintiff a good and sufficient deed for said premises, and to comply with the orders of the court heretofore made in the original case, and that her rights under said lease, and the privilege of purchase therein, may be protected, and that she may have all of the relief to which she is entitled.

The answer of Mrs. Bussman avers that she and her children, the other defendants, took said real estate under the will of Beatus Schroeder, deceased. That she has an estate therein for life, with remainder to the children, but if she married again, she was only to have such interest therein as she would have taken if her husband had died intestate. She avers that the children were all minors at the death of their father, and at the time of such proceeding in court. She denies that the action commenced by her in the court of common pleas was to procure a lease of the premises to be made, but was only for the sale thereof.

**She denies** that Osseforth before the expiration of the lease, paid to her the full purchase-price of the fee as named therein, or at the end of the lease, or at the times said payments were alleged to be made, he notified her of his election to purchase the fee thereof, or that at the end of the term he demanded of her a deed for said real estate. She then sets up the covenants of the lease, as to the rents to be paid by Osseforth, and that by the terms of said lease, he was to have privilege to purchase the fee, only if he paid the rent when due, and she avers that the same was not paid from June, 1886, to June, 1890, and that rent to the amount of $960 was due and unpaid at the expiration of the lease, and is still due and unpaid. That no tender was ever made of these rents or of the purchase-price of the land, and she asks to be dismissed.

Answers were also filed by the other defendants, which substantially deny all the material allegations of the petition. They especially aver that they are minors—that the decree rendered in the original case was void for the reason that the court had no power to incorporate into the lease an optional contract or privilege of purchase, and that Ida Bussman had no power to consent as their guardian to any such order or proceeding by the court.

On the issues then raised, evidence has been heard by the court and we state our findings and conclusions briefly.

*First*—We are of the opinion that the action of the court of common pleas in the original case in confirming the doings of Mrs. Bussman, and in ordering the execution of this lease to Osseforth, containing the privilege of purchase, was not void. The court had jurisdiction of the subject-matter and of the parties, and under the petition, as filed, which prayed for the sale or lease of the premises, it clearly could have provided for either. Whether it could properly have made an order for a term of years, with a privilege to the lessee during the term, to purchase the fee, may not be so clear; but the order was made, and not being void, if improperly made, it was only erroneous, and is valid until reversed.

*Second*—We are satisfied from the evidence that Mr. Osseforth did exercise the privilege of purchase thereby given to him, even before the expiration of the term of five years for which the property was leased to him; and that during the term he made some payments to her (one at least of $1,500) which were intended both by Osseforth and Mrs. Bussman as and on the faith of his privilege of purchase. Osseforth proceeded during the term to erect this large and substantial building on the whole of the property owned by him, including that which had been formerly owned by him and Schroeder as tenants in common.

*Third*—As before stated, the lease was to run for five years, viz.: from June 4, 1885, to June 4, 1890—the rent to be $20 per month, payable monthly. If it be true that the privilege of purchase was exercised by Osseforth, the amounts that he was required to pay as rent for the five years were ...... $1,200.00
The purchase price was ...................................... 3,150.00

                                                                 $4,350.00

We find that he actually paid to her, and at the times stated on this account, the following sums:

| | |
|---|---:|
| July 18, 1885 | $100 00 |
| " 18, " | 40 00 |
| Aug. 1, " | 100 00 |
| " 4, " | 100 00 |
| " 4, " | 20 00 |
| " 31, " | 400 00 |
| July 31, 1886 | 180 00 |
| | $940 00 |
| May 28, 1886 | 1,500 00 |
| June 14, 1887 | 1,500 00 |
| | $3,940 00 |

We think, in view of all the circumstances of the case, that equity requires that of the amount so paid by Osseforth enough should be applied to pay for all the rents which were payable during the term; and that the residue of the payments so made to her, or so much thereof as is needful, should, as between Osseforth and Ida Bussman, and any interest she may have in the said realty, be considered as a payment on the fee.

But we have already held in this case, on a preliminary question, that Mr. Osseforth, as against the owners of the estate in remainder, viz.: the Schroeder heirs and devisees, was not authorized to pay to Mrs. Bussman any part of the purchase-price of the fee, until the court had provided for the bond required of her, or made order for the investment of the money, and that any payment, in so far as they were concerned, made by Osseforth, was at his own risk, and cannot relieve him of his obligation to pay to those heirs and devisees the full amount which would be coming to them. But as to Mrs. Bussman the case is entirely different, and she ought not to be heard to assert that so far as she has any interest in the said real estate, it shall not be considered as a full or partial payment to her as her interest may appear.

Our conclusion then, is, that the relief prayed for by the plaintiff should be granted to this extent. That Mrs. Bussman be required, as trustee, to report to the court of common pleas in the original cause, that the election of Osseforth to take the property was duly and properly made, and that payments amounting to $2,740, over and above the rents ($1,200) were made to her. And that the said Osseforth, or those who have succeeded to his interest therein, are entitled to a deed for the said premises in pursuance of the provisions of said lease. But, as before stated, said deed should not be ordered to be made to the party entitled thereto until full payment is made by plaintiff to the Schroeder children or devisees of their share of said purchase money, with interest from June 4, 1890.

*E. W. Kittredge* and *Carr & Dengler*, for plaintiffs.

*W. L. Avery*, for defendants.